UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-419-RJC

| FREDERICK CANADY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANGLE RORIE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). 28 U.S.C. § 1915A(a) provides that the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of the a governmental entity."

## I. BACKGROUND

According to Plaintiff's Complaint, he is prisoner of the State of North Carolina housed in the Lanesboro Correctional Institution in the Western District. Plaintiff alleges that he is assigned to A or B Block and he is not allowed to go outside like the inmates who are assigned to C Block. Plaintiff explains that he is in the same control status as the inmates of C Block, but he is not allowed to go outside for recreation. Plaintiff asserts that he has participated in the grievance process but he has been unable to obtain relief. (Id. at 2, 4).

In his prayer for relief, Plaintiff asks the Court to do what it can in this matter. (Id. at 5).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal

law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

On an initial review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## III. DISCUSSION

Although Plaintiff does not specifically draw upon the Eighth Amendment to press his claim of a constitutional violation, it is where consideration of his Complaint should begin. Plaintiff appears to contend that Defendant is denying him the right to go outside to partake in recreation. His Complaint alleges that he has presented Defendant with several requests to receive access to the outside recreation area but his requests have been denied without explanation. (Doc. No. 1).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. CONST. AMEND. VIII. When reviewing an Eighth Amendment claim, the court must look to the totality of the circumstances. Mitchell v. Rice, 954 F.3d 187, 191 (1992), cert. denied, 506 U.S. 905 (1992) (citing Clay v. Miller, 626 F.2d 345, 347 (1980); see also Kirby v. Blackledge, 530

F.2d 583, 587 (4th Cir. 1976); Sweet v. South Carolina Dept. of Corr., 529 F.2d 854, 865 (1975)). The term cruel and unusual punishment, as provided for in the Eighth Amendment, "does not draw its meaning simply from the type of punishment or deprivation imposed; it is often intimately concerned with the time covered by the punishment or deprivation and the reasonable limits of prison supervision." Sweet, 529 F.2d at 865. Preventing an inmate from engaging in exercise can rise to the level of an Eighth Amendment violation in one set of circumstances, and fail to do so in another set of circumstances. Mitchell, 954 F.2d at 191. In Mitchell, the Fourth Circuit found that:

> By adopting a totality of the circumstances test, we have never held that denial of out-of-cell exercise opportunities is per se unconstitutional cruel and unusual punishment. However, our decisions at the time of the incidents in this case indicated that generally a prisoner should be permitted some regular out-of-cell exercise. In Clay we stated, "[i]t is true that, in certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eight Amendment." 626 F.2d at 347. And in Kirby, we said that "[m]any . . . circumstances taken alone reach the level of cruel and unusual punishment, such as . . . inadequate exercise. 530 F.2d at 587.

954 F.2d at 191. The Mitchell Court then noted that decisions from other circuits were aligned with its view on the issue. "It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." Id. at 192 (quoting Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983).

Turning to the present case, Petitioner's Complaint does not allege that he is denied the right or ability to exercise. For instance, Petitioner does not contend that he is prevented from leaving his cell to exercise within the interior of the institution. Rather, Petitioner contends that he is prevented from going outside to exercise. While a denial of the ability to exercise at all, absent sufficient justification, could rise to the level of an Eighth Amendment, the Court is not

3

prepared to find that the inability to join those from "C Block" outside rises to the level of an actionable Eighth Amendment violation. Moreover, Petitioner in no way ascribes a time frame to the length of time that he has allegedly been prevented from taking his exercise outdoors. This lack of detail counsels against a finding of a constitutional violation.

The Court is mindful that Plaintiff is proceeding pro se but the lack of factual allegations in his Complaint simply fails to present a cognizable claim. Plaintiff has failed to allege any details regarding the length this prohibition on outdoor recreation has endured which leaves the allegations of his Complaint firmly on the speculative level; and Plaintiff has failed to allege that he is in any way prevented from exercising indoors. Attached to his Complaint is a copy of grievance form which tends to show that Plaintiff made a grievance on or about June 21, 2012, and on June 27, 2012, Petitioner noted his disagreement with the finding of no violation. Plaintiff then proceeded to Step Two of the grievance procedure. On or about June 29, 2012, a prison administrator recommended that no further action be taken. (Doc. No. 1-1 at 1). Petitioner, of course, disagreed with this determination and contends in his Complaint that he failed to obtain relief through the third level of the grievance procedure. (Doc. No. 1 at 2). Plaintiff's Complaint was signed on July 2, 2012. (Id. at 5). Thus, Plaintiff has provided allegations regarding roughly a two-week period where he was denied outdoor recreation opportunity.

On these facts, Plaintiff's Complaint fails to state a claim under Section 1983 which rises to the level of the violation of a federal statute or of the Eighth Amendment. Accordingly, Plaintiff's Complaint will be dismissed for failure to state a claim for which relief can be granted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state claim upon which relief can be granted. 28 U.S.C. § 1915A(a).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge